UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Strege,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Minnesota Supreme Court; Natalie Hudson, Minnesota Supreme Court, in her individual and official capacity; All Space Planets People; Patricia J. Milun, Minnesota Workers Compensation Court of Appeals Judge, in her individual and official capacity; 5 Unknown Named Minnesota Court Clerks; Opus Group; Custom Drywall; Commercial Drywall; Akram Osman, Mankato East High School Principal, in his individual and official capacity; Cynthia Pinscher, Mankato East High, in her individual and official capacity; Federated Insurance; Xcel Energy; Sandra Morgan; Mayo Clinic; and David Johnson,<br><br>　　　　　　　Defendants. | Civ. No. 24-4621 (PAM/JFD)<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for review on Plaintiff Adam Strege's Complaint (Docket No. 1), in forma pauperis ("IFP") application (Docket No. 3), and Motion Electronically File (Docket No. 4) pursuant to 28 U.S.C. § 1915(e).  Upon that review, the Court dismisses this matter without prejudice for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

While Strege may financially qualify for IFP status, an IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted.  See id.; Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th

1

Cir. 1996); <u>Carter v. Schafer</u>, 273 Fed. App'x 581, 582 (8th Cir. 2008) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. <u>See</u> <u>Aten v. Scottsdale Ins.</u>, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." <u>Id.</u> at 570. In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally, but even so they must allege sufficient facts to support the claims advanced. <u>See</u> <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004).

Here, Strege's 84-page Complaint is indecipherable and impossible to follow, covering several topics, including nuclear missiles, religion, and space travel. The Complaint fails to assert a coherent claim against any of the named Defendants. In any event, some Defendants are likely immune from suit—Eleventh Amendment sovereign immunity would likely bar suit against the Minnesota Supreme Court, <u>see</u> <u>Soto v. Minnesota Supreme Court</u>, Civ. No. 20-1668, 2020 WL 7890452, at *3 (D. Minn. Nov. 6, 2020) (Wright, M.J.), R&R adopted by 2021 WL 37684 (D. Minn. Jan. 5, 2021) (Frank,

J.), and judicial immunity would likely bar suit against the judicial officer Defendants for actions taken in their judicial capacity, see Mireles v. Waco, 502 U.S. 9, 11 (1991).  In sum, upon close review, this Court finds that the Complaint—even when liberally construed—articulates no fact or law from which this Court could discern a valid cause of action.  See Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised").

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.  Plaintiff Adam Strege's Complaint (Docket No. 1) is **DISMISSED without prejudice**;

2.  Plaintiff's IFP Application (Docket No. 3) is **DENIED as moot**; and

3.  Plaintiff's Motion Electronically File (Docket No. 4) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:   January 3, 2025

 *s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge